This is a motion to reopen denied by the board. In the motion there were two reasons the petitioner asked to be reopened. First of all, because the previous attorney did not submit an appeals brief. So, in the motion we asked for the chance for the case to be reopened to submit an appeals brief. And second, because the petitioner now feels that the immigration judge did not advise her of her opportunity to apply for political asylum based on her patent violation of China's one-child-only policy. So, we asked the board to reopen so that she has a chance to apply on this new basis. Now, today I will not ask for the first reason because I believe the second reason is the stronger one and I will solely base my reason on that basis. Now, motions to reopen in the proceedings shall not be granted unless it appears to the BIA that evidence sought to be offered is material and was not available and could not have been discovered or presented at a formal hearing. Now, if this were all true, then the respondent would be correct that the BIA had indeed lawfully, legitimately denied the motion to open. However... It is that the 1999 newspaper article, which I think is the one piece of new evidence. Not only that, Your Honor. Even that is not new. That was published in 1999. Well, no. That's the problem. And so, I'm wondering what evidence there is that is new. No, I'm not saying there's anything new because all this evidence happened before or at the time of the formal hearing. However, the regulation also goes on to say that no motion to reopen should be reopened if, I'll quote again, At the first hearing, the respondent was not represented by counsel. Her counsel skipped town, abandoned her. And so, the immigration judge who said in Los Angeles that the immigration court is very familiar with cases involving the one-child policy. And the respondent came from China, from the province of Guangdong. She brought to court two children. So, the judge failed to fully explain to her. What authority do you have to say that the immigration judge, who in this case asked a number of times for the petitioner to identify any basis of fear that she had about returning to China.  Had a corresponding obligation to say, well, how about on account of China's one-child policy? Now, the regulation that governs motion to reopen has two parts. That is 8 CFR section 1208.3. And the first part is that you have to have new evidence to ask for motion to reopen. The second part says you have to have a chance to be fully explained to you and you abandon that chance to apply. In my client's case, she was not fully explained. Here's my question. What authority do you have that the immigration judge has an obligation on his or her own initiative to ask about possible grounds of fear? When the immigration judge asked a number of times, why do you not want to go back? And, you know, she never said because of the one-child policy. Yes, Your Honor, she never said because she was unrepresented by counsel in a situation like this. That's not the kind of legal technicality that requires counsel holding your hand. I mean, she knew she had two children and she knew I mean, everybody knows about China's policy. Right. So when you're asked, why do you not want to go back? Why isn't it just self-evident? All right. I can see that the petitioner did not mention that in court. But however, in the document that she submitted to the judge, particularly the country condition report on the one-child policy, says very clearly situations like hers would result in forced sterilization in Guangdong province. So and the normal practice of immigration judge in Los Angeles would be the judge seeing that she has a possibility in that respect, the judge would normally assist her and tell her, especially in a pro se alien situation and explore if there is any fear. Because at the time of the formal hearing, the petitioner simply focused her case on the first reason, the illegal act of distributing documents against the government. So that was the reason. And so you're arguing that where it says in the CFR that if it appears that the aliens right to apply for such relief was fully explained and an opportunity to apply the fully explained has to come from the IJ if it isn't particularly in a pro se case. That's my sole argument today, Your Honor. Because that session particularly applies to EORR. It's the regulation governing the immigration court standards. I will save two minutes for the rebuttal. Thank you very much, Your Honor. Good morning again. May it please the Court. John Unshy for the United States Attorney General. To address petitioner's sole argument, apparently what petitioner wants to do is to impose the requirement on immigration judges to essentially serve as the advocate for the attorney in their cases. What does the CFR mean when it says was fully explained? If they don't have an attorney, who would do the explaining? Well, that's right, Your Honor. But I think it's important to note that what it's asking the immigration judge or the trier below, this of course is a reopening procedure before the Board of Immigration Appeals, is to fully explain any opportunity that was, and I'll read it directly, affording the alien opportunity to apply for any form of discretionary relief, be granted if it appears that the alien's right to apply for such relief was fully explained to him or her and had the opportunity to apply therefore. I'm looking at it. That's why I'm still asking my question. Who's going to fully explain if they're unrepresented? The regulation is not requiring the judges to be that specific. The regulation actually was in this specific reg here. It actually had a predecessor to it, and that was 8 CFR 242.17. And this court had actually issued a decision, Moran v. Enriquez. That regulation no longer exists, and it apparently has found its place here. In Moran, what this court had held is the failure to inform of possible forms of relief is mandatory. And therefore, if the court did not do that, it's reversible. But the form of relief is different than the grounds for relief. It would really blur the lines, I think, extenuously to have the judge say in the middle of the petitioner's testimony, the alien's testimony, to stop and say, you know what, I think you have a claim here based on political opinion, and since you're pro se, I have to tell you that. And I think that's what Mr. Chen is asking this court to do today. Well, but if there's a ground, an obvious ground that she's not pursuing, on the face of the record, she's got a claim with two children and the potential for the China family policy, which we all agree is Congress statutorily elevated the China one-family policy into a statutory ground. So it's strong congressional intent that that be a ground for asylum. And the IJ sees it and doesn't explain it, then why doesn't it then fall within the board's purview under its own regulation to say, well, it wasn't fully explained, therefore we'll now take a look at it. Maybe they don't want to impose the obligation on the IJ to do it, but if it's there, it's clearly a right and it wasn't fully explained for whatever reason, then why wouldn't it justify the motion to reopen? I think, Your Honor, the government's position is that what the immigration judge would have an obligation to explain is her right to apply for certain types of relief and not necessarily the specific substance. No, that's the government's position. But where is that evident in the face of the regulation? Well, I think it's evident in that it doesn't specifically narrow it down to specific grounds within where it says the right to apply for such relief. It doesn't have a further obligation to demonstrate the specifics. I can't remember the specific context, so don't hold me to it. But there are cases that we've had where the IJ, or maybe it's in the deportation area, where we've had the obligation in a pro se case of the IJ to explain, or the deportation officer, whatever it was, to explain certain options based on what is evident to the procedural options, what is evident to the hearing officer. And I don't know if that's analogous or not. I'm sorry I can't be more specific, but it's a familiar area. We just haven't had any cases in it recently. We used to have a bunch. Why wouldn't that be analogous here? Well, I think, again, I'm going to hark back to what I said. The difference is I think when you said that the judge or that person in that situation, there's an obligation to explain what the person may be eligible for in terms of the general forms of relief based upon, for example, in the case that I cited, which was a deportation case, Moran v. Enriquez. In that situation, the judge had the obligation to tell the alien in that case that it appeared she was eligible for suspension of deportation. Yeah, that's probably what I was thinking. Yes, and that's, again, we agree that that is still the case. But here she may be eligible for statutory asylum based on a congressional statute that awards that. And the I.J. sits there and knows that that's there, asks an open-ended question and says, Any other grounds? And the petitioner clearly doesn't invoke it when it's an obvious. In any event, the I.J. doesn't do it. And so now the statute, the regulation, when the BIA is adopted, says if it wasn't fully explained, then that would be a ground for reopening. So I'm having a little trouble understanding why, if you don't want to impose the obligation on the I.J. in what seems an obvious case where they might do so, the BIA wouldn't say, Well, okay, it wasn't explained. Now she's got counsel who comes along and finds it and is the advocate, and it's an obvious ground. Why wouldn't that be a basis for reopening? Well, in this situation, it wouldn't necessarily even be an obvious ground because her husband was a lawful permanent resident, and these children are United States citizen children who could have stayed and remained in the United States. So she could give up her family, move back to China, and not be exposed to sterilization.  Well, that's the situation, Your Honor. In this case, the judge, again, didn't have the obligation to explore that unless it's the petitioner's burden to prove her case. And, of course, if she feared being subjected to the communist China's coercive population control situation over there, she should have expressed it, and the judge. I'll say, I'll grant you now, just for argument purposes, that the I.J. doesn't have to act as the advocate. Okay, I'll say it's so uncertain, unclear here. But she now gets counsel who comes along and says, you have a strong case here to make, and they go to the BIA and say, look, now she's represented by counsel, and it was not fully explained to her. It's not something that, you know, she was aware of, and I'm representing her. Why wouldn't the BIA then look to this regulation and say, okay, it wasn't fully explained. We'll take a look at it and then decide whether or not it has any merit. Well, it appears the interpretation that the BIA was using here was the one that I'm giving to the court, and that is the board didn't find that it was the judge's obligation to explain the exact specifics of what she could have  because she's the one that is before the court in terms of whether or not she would be subjected to this. With respect, counsel, I think that begs the question. You may be right, the BIA does that. How do we know that that's the, where is it in the BIA law that says that's how they interpret it? Well, I don't think that, myself, I couldn't find their exact interpretation of that. But, of course, I also want to remind the court that, of course, the motion to reopen is reviewed under the abusive discretion standard. There is no obligation to reopen. I'm aware of that. We just had an opinion come down where we thought the BIA abused its discretion by not following its own manual. I'm just, I really am sincerely trying to understand this argument that if the BIA says it's not fully explained, then that's a basis for reopening. And if they fail to follow their own regulation, unless they've got a clear interpretation that says precisely how you're interpreting it, why wouldn't it be an abusive discretion not to follow their own regulation? Well, that would be the case if there was an interpretation such as that, but there isn't here. To go a little bit further, and counsel didn't talk about this, I think it's also important to know that the immigration judge tried repeatedly to get Mrs. Five different times he asked her to get an attorney. And this same individual, of course, that she had apparently retained previously was disappearing and discussed this fact with her. This is probably not the person you want if he's not around. Of course she was concerned with her right to be represented before the immigration judge. But the distinction here is, once again, I think the court needs to be careful as to whether or not we should put the obligation on the immigration judge to step into the role of advocate in this case. The judge did everything that the judge could do to get representation or to encourage representation of Mrs. Ginn in this case, and she didn't do so. She chose to appear on her own. This claim also could have been brought up during the pendency of appeal when she retained new counsel. It was not brought up before the Board of Immigration Appeals. A new attorney was retained, and I believe it was opposing counsel. So there was a full year that passed before the decision of the immigration judge. This was never brought up to the board. At that time, the board could have addressed it perhaps and brought it up as ineffective assistance of counsel claim in a proper way. It didn't do so. And in this situation, again- You can't expect the counsel himself- That's a different counsel. This isn't a different counsel. A new attorney was appointed. And perhaps she's got a claim for incompetence of him for not bringing it up right away when he should have. But she's a series of bad lawyers. Well, if I'm not mistaken, I believe that current counsel is the one that she retained at that point and didn't raise it before the Board of Immigration Appeals. Well, am I not correct that he was hired before the decision came down? That's correct, Your Honor. That's all I'm saying. Yes, that is correct. And if there are no further questions, in closing I would just say that the Court did not abuse its discretion. There is no obligation for the immigration judge to get into the details of any particular claim to ensure that every possible specific scenario is raised by petitioner. That is her counsel's job. And the judge did meet his obligation here to bring up her right to have the asylum claim in general. Okay, thank you. Thank you. The petitioner wanted attorney representation. That's why she hired an attorney to help her with this case. However, the judge urged her five different times in five hearings to hire a different attorney because the first one abandoned her. The reason she didn't hire one is because, obvious, no money. And I represented her pro bono on this case. And the BIA faulted me for not bringing up this issue during the pendency of the appeal. But this issue was not an issue contested in the lower court. So a motion to open would be the proper procedural venue to bring up this issue. And on the other hand, even though it's not in the record, but just like the case before me, attorney brought in the fact that the petition was approved. In this particular case, respondent's attorney mentioned that petitioner's husband was a permanent resident, lawful permanent resident, but now they divorced. And because of severe spousal abuse, he used his car to drag this woman two blocks on the road. And I did an abused spouse petition for her. I really appreciate if this court can have a forceful conference, pre-trial conference, that the government and me can come to a conclusion that we allow the case to be reopened, and to apply for that purpose without reopening the case, this petitioner will definitely be deported. She cannot adjust. She can only adjust in a reopened removal proceeding. So this is her only chance. Thank you very much, Your Honors. Thank you, counsel, for your argument. And the matter just argued will be submitted and the court will stand adjourned. Thank you.
judges: B. Fletcher, Rymer, Fisher